Edward Toptani (*edward@toptanilaw.com*)
TOPTANI LAW PLLC
395 Pearl Street
Suite 1410
New York, New York  10038
(212) 699-8930

*Attorneys for Plaintiff City Merchandise Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY MERCHANDISE INC., <br><br> Plaintiff, <br><br> -against- <br><br> BALENCIAGA AMERICA, INC. <br><br> Defendant. | Civil Action No.:_____ <br><br> **COMPLAINT** |

Plaintiff City Merchandise Inc. ("<u>Plaintiff</u>"), for its complaint against defendant

Balenciaga America, Inc.  ("<u>Defendant</u>"), states and alleges the following:

## <u>NATURE OF THE ACTION AND RELIEF SOUGHT</u>

1.      This is an action at law and in equity for copyright infringement under the

Copyright Act of 1976 (the "<u>Copyright Act</u>"), 17 U.S.C. §§ 101 *et seq.*

2.      This action arises by reason of Defendant's unauthorized creation, display,

distribution and sale of merchandise which depicts designs that are strikingly and substantially

similar to designs exclusively owned by Plaintiff.

3.      For example, set forth below on the left is are images of a tote bag and a purse

bearing an original design created by Plaintiff and offered to the public, and to the immediate

right of Plaintiff's items are corresponding images of a tote bag and a purse offered to the public

by Defendant.



**Plaintiff's Tote Bag**



**Defendant's Tote Bag**



**Plaintiff's Purse**



**Defendant's Purse**

4.      Clearly, the "total concept and feel" between the designs on the Plaintiff's items and Defendant's items are identical.   The overall effect of Defendant's knock-off design is not only confusingly similar to Plaintiff's authentic design, but it is also virtually indistinguishable. Indeed, the design on Defendant's infringing items mimics every key element of Plaintiff's design.

2

5.     Defendant has manufactured its versions of the tote bag and purse shown above, along with several other products that bear copies of Plaintiff's original design, without the permission, authorization, or approval of Plaintiff.   For these and other reasons, Plaintiff seeks injunctive relief, recovery of Plaintiff's actual damages and Defendant's profits and/or statutory damages, attorneys' fees and costs and additional relief set forth below.

## THE PARTIES

6.     Plaintiff City Merchandise Inc. ("Plaintiff") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 228 40th Street, Brooklyn, New York 11232.  Plaintiff possesses over 30 years of experience in the designing, manufacturing, distribution and sale of high quality, affordable souvenirs and apparel throughout the United States and the Caribbean.

7.     Upon information and belief, defendant Balenciaga America, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 50 Hartz Way, Secaucus, New Jersey 07094, and a corporate office located at 65 Bleecker Street, Third Floor, New York, New York  10012.  Upon information and belief, Defendant is a company with upscale fashion boutiques located in Paris, France and New York, New York, and is, in part, engaged in the business of manufacturing, distributing, advertising and selling throughout the world, including within this District, high-end luxury handbags, pocketbooks, clutch bags, tote bags, brief cases, wallets, purses, apparel, jewelry, home products, fragrances, and related items.   Upon information and belief, Defendant is a corporate affiliate or subsidiary of Balenciaga, S.A., which is an entity organized and existing

3

under the laws of France, with its principal place of business in Paris, France, and Gucci Group,

NV, which is an entity organized and existing under the laws of Netherlands, with a principal

place of business located in Amsterdam, Netherlands.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this action under 28 U.S.C.

§§ 1331 and 1338(a) because the claims herein arise under the Copyright Act.  This Court has

supplemental jurisdiction over Plaintiff's related state and common law claims pursuant to 28

U.S.C. §1367.

9.     This Court has personal jurisdiction over Defendant because it transacts business

within this State and has caused and continues to cause tortious injury to Plaintiff within this

State, and because a substantial part of the events giving rise to the claims herein occurred in this

State.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because

Defendant does substantial business in this District and a substantial part of the events giving rise

to the claims herein occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     Plaintiff's Striking and Distinctive Designs

11.     Plaintiff is one of the leading manufacturers, designers, suppliers and distributors

of affordable, high quality souvenirs and apparel in the United States and Caribbean.  It has been

in business since 1986, and services over 2,000 accounts in over 100 cities.  Established in New

York City, Plaintiff frequently specializes in the creation of products bearing designs that appeal

to tourists who visit the Big Apple, many of which feature its iconic skyline. To maintain its competitive edge in the market place, Plaintiff devotes a substantial amount of time, energy and funds towards the frequent creation of unique designs for products that will be commercially successful.

12.      In or around November 2014, Plaintiff created two closely related versions of a pictorial design that features the New York City skyline viewed from an up-close, direct vantage point (collectively, the "Design"). The Design encompasses a collage of portions of recognized NYC landmarks prominently featured in the forefront with several other buildings interspersed therein. The Design also features an airbrushed hot pink sky, accented with clouds. In addition, large, purple, fanciful cursive letters, unevenly bordered in white, float above the skyline. The letters opulently glisten and fittingly read, "New York City".

13.      Among other things, the Design includes Plaintiff's unique and original interpretations and/or use of the New York City skyline, employing original artwork, whimsical and appealing layouts and arrangements, compilations and/or collages, skyline perspectives, depicted objects and environmental elements, color schemes and shading, highlighting and bordering, shapes and sizes.

14.      The Design is original work of authorship created by Plaintiff, embodying subject matter protected by copyright. Plaintiff is the sole and exclusive owner of all right, title, and interest in and to the copyright pertaining to the Design.

15.      In or about late 2014/early 2015, Plaintiff created and began publically selling high quality, affordable souvenirs bearing the Design, including tote bags (which retailed for

5

approximately $19.99), coin purses (which retailed for approximately $5.99), and cosmetic bags (which retailed for approximately $9.99 (collectively, the "NYC Skyline Products").

16.     Plaintiff's NYC Skyline Products were sold throughout the State of New York, through a wide variety of channels, including, but not limited to, gift shops and airport souvenir stores.

17.     Plaintiff has applied for and obtained from the United States Copyright Office a copyright registration for the Design bearing registration numbers VA 2-103-817 ("New York Pink Collage With Purple Letters"). The effective date of registration for the copyright covering the Design is February 8, 2018. A copy of the Certificate of Registration, together with the Design for which the registration has been obtained, is annexed hereto as **Exhibit A**.

18.     The Design represents a valuable asset and goodwill of Plaintiff.

## B.     Defendant's Infringing Activities

19.     Upon information and belief, well after Plaintiff obtained exclusive rights in the Design and commenced publicly selling the NYC Skyline Products, Defendant began manufacturing, importing, distributing, advertising, marketing, offering for sale, and selling several products bearing a design that is a flagrant knock-off Plaintiff's Design. Upon information and belief, such products include shoulder bags, tote bags, wallets, clutch bags, pouches, hoodies, skirts and scarves (collectively, the "Infringing Products"). Upon information and belief, the price range for the Infringing Products varies from approximately $500.00 to approximately $2,300.00. Copies of the Infringing Products that Plaintiff has been able to identify to date are included on **Exhibit B** annexed hereto.

20.    Defendant has boasted that it is one of France's most prestigious fashion labels and is allegedly world-renown for innovative, trendsetting couture clothing and fashion accessories, and that its "designs" are among the most sought-after fashions in the industry.

21.    Upon information and belief, Defendant's advertising, promotional, and marketing efforts have resulted in widespread favorable public acceptance and recognition of merchandise, including Defendant's Infringing Products.  The Infringing Products are sold throughout the United States (and likely abroad), including in New York and this District, through a variety of channels, including, but not limited to, upscale retail stores, such as Barney's, Bergdorf Goodman, Neiman Marcus, Saks Fifth Avenue and Balenciaga's own high-end luxury boutiques in Manhattan and Paris.  Upon information and belief, the Infringing Products are also sold on multiple websites, including, but not limited to, those of the aforementioned retail stores listed above, as well as e-commerce sites such as NET-A-PORTER and FARFETCH.

22.    A visual comparison of the designs featured on the Infringing Products (*see, e.g.,* Exhibit B) to Plaintiff's Designs which are featured on its NYC Skyline Products (*see, e.g.,* Exhibit A) reveal that the Infringing Products bear designs that are copies of Plaintiff's Design and are virtually indistinguishable.

23.    Upon information and belief, Defendant's creative director, Demna Gvasalia, participated in and directed the design of the Infringing Products.

24.    The fact that Defendant has knocked-off Plaintiff's Design has already been highlighted to the public by at least one respected fashion critic.   The editor-in-chief of

7

*Fashionista.com*, one of the most influential voices covering fashion news with a monthly

readership of over 2.5 million, humorously chided Mr. Gvasalia for copying the Design on

Plaintiff tote bag (which could be purchased by a tourist at a Hudson News gift shop in JFK

Airport for approximately $19.99), whereas Defenant's tote bag retails for nearly $2,000.00.

She posted the following tweet on Twitter:



25.     Significantly, Defendant has been repeatedly publically scorned in fashion

magazines and by online fashion observers for its willingness to copy the work of others.  For

8

example, after Defendant introduced a $2,145.00 extra-large shopper blue tote bag that was virtually identical to IKEA's classic blue tote bag that retails for 99 cents, the British daily online newspaper *Daily Mail* published an article demanding to know if it was "High fashion, or a high priced knock-off? A copy of the article is annexed hereto as **Exhibit C.**

26.     Similarly, in reporting that Defendant had been accused by celebrity rapper and music producer Swizz Beatz (husband of Alicia Keys) of infringing record label Ruff Ryder's well-recognized logo by using it on one of its shirts, the *Hollywood Reporter* prefaced its article by stating that "Balenciaga's Demna Gvasalia is no stranger to *um*, borrowing memorable logos and adding his own Balenciaga-branded spin." A copy of the article is annexed hereto as **Exhibit D.**

27.     Remarkably, in an article appearing in *People* magazine on December 20, 2017, Mr. Gvasalia candidly conceded that "[e]very garment I do is based on a garment that already exists; I don't invent anything new."

28.     Based upon its dubious reputation in the fashion industry for appropriating the work of others, as well as public statements attributed to Mr. Gvasalia, it should not be surprising that Defendant has copied Plaintiff's Design in connection with the Infringing Products and is passing it off as its own

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

29.     The allegations of each of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

30.     The Design is an original work of authorship, embodying subject matter protected by copyright.  Plaintiff is the sole and exclusive owner of all right, title, and interest in and to the copyright.

31.     Plaintiff has applied for and obtained from the United States Copyright Office a copyright registration for the Design bearing registration number VA 2-103-817, with an effective date of February 9, 2018.   The copyright registration is annexed hereto as **Exhibit A.**

32.     Defendant had access to the Design by virtue of the fact that the NYC Skyline Souvenirs have been available for sale to the public through multiple channels, including airport souvenir stores and gift shops in New York City.

33.     In or about February 2018, it came to Plaintiff's attention that Defendant was engaged in the manufacturing, advertising, marketing, distribution and sale of the Infringing Products which bear designs that are reproductions, counterfeits, knock-offs and/or colorable imitations that are strikingly and substantially similar to, and nearly indistinguishable from, Plaintiff's Design which is depicted on the NYC Skyline Souvenirs.

34.     Annexed hereto as **Exhibit B** are images of Defendant's Infringing Products.

35.     Defendant has performed each of the acts complained of in the preceding paragraphs without the permission, consent or authority of Plaintiff, and has therefore violated Plaintiff's copyright in the Design.

36.     Defendant has committed and is continuing to commit acts of copyright infringement against Plaintiff.   Further, Defendant's acts are willful, intentional and purposeful, and committed with prior notice and/or knowledge of Plaintiff's copyright.  At a minimum,

Defendant was willfully blind and acted in reckless disregard of Plaintiff's copyright.

37.     As a result of such activities, Defendant is liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501.

38.     Not only has Defendant damaged Plaintiff, but it has also been unjustly enriched, and will be unjustly enriched, by reason of its copyright infringement, in that Defendant has achieved or will achieve sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct described herein.  The total amount by which Defendant has been, or will be, unjustly enriched will be proved at trial.

39.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights under the copyright laws, Plaintiff is entitled to the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c), and such statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages, plus Defendants' profits from infringement, as will be proven at trial.

40.     Pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief to prevent Defendant from infringing Plaintiff's copyrighted Design.  Plaintiff has no adequate remedy at law.  Indeed, Defendant's unlawful acts have also caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business and reputation unless such activity is enjoined.  As long as Defendant persists in using and selling the Infringing Products, many consumers are likely to conclude that it is Plaintiff, and

**11**

not Defendant, who engaged in illegal copyright infringement, especially in light of the disparity in pricing between the NYC Skyline Souvenirs and the Infringing Products.

41.     Pursuant to Section 503 of the Copyright Act, 17 U.S.C. § 503, Plaintiff is entitled to impoundment and destruction of all infringing products, including the Infringing Products.

42.     Pursuant to Section 505 of the Copyright Act, 17 U.S.C. §505, Plaintiff is entitled to an award of its costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment as follows:

A.     That Defendant, its agents, servants, employees, officers, directors, affiliates, subsidiaries, attorneys, successors and assigns and all those in active concert with Defendant, be enjoined pendente lite and permanently from:

(i)     directly or indirectly infringing Plaintiff's copyright annexed hereto as **Exhibit A**;

(ii)     manufacturing, reproducing, displaying, promoting, advertising, importing, exporting, distributing, selling, offering for sale or holding for sale any items which infringe Plaintiff's rights in the Design (including, without limitation, the Infringing Products identified on **Exhibit B** annexed hereto);

(iii)     representing that any article of the enjoined merchandise manufactured, reproduced, displayed, promoted, advertised, imported, exported, distributed, sold, or held for sale by Defendant is sponsored, approved or authorized by Plaintiff; and

12

(iv)    aiding, abetting, encouraging or inducing another to do any of the acts herein enjoined.

B.    That Plaintiff have and recover from Defendant such actual damages as Plaintiff may prove at trial and that Defendant accounts to Plaintiff for all unauthorized sales of Defendant's products that infringe the Design, including the Infringing Products, and all profits derived therefrom; or, in the alternative, with regard to the acts of copyright infringement, Defendant pay to Plaintiff statutory damages under the Copyright Act, and that the award be increased due to the willful nature of the infringement.

C.    That Defendant be required to pay Plaintiff exemplary and punitive damages to deter Defendant from any further or willful infringement, as the Court finds appropriate.

D.    That Defendant be required to pay to Plaintiff the costs of this action, and reasonable attorneys' fees to be allowed by the Court.

E.    That Defendant, and those in concert or participation with them, be required to deliver up to Plaintiff within five (5) days of entry of judgment, or at such earlier time as the Court may order, all merchandise and material in its direct or indirect possession or under its direct or indirect control which is subject to the injunctive order of this Court, including, without limitation, all products, catalogs, brochures, drawings, designs, promotional materials, plates, screens, matrices, film positives and negatives, and any other materials for making the same, for the purpose of destruction or other disposition as Plaintiff may elect.

F.    That Defendant be required to withdraw from its customers, retailers and all others all of the Infringing Products, including offering reimbursement for same, and delivering

13

up the same to Plaintiff for destruction or other disposition as Plaintiff may elect.

G.      That Defendant be required to file with the court and serve Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

H.      That Plaintiff have such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff City Merchandise Inc. hereby demands a trial by jury in this action.

TOPTANI LAW PLLC

By:_____*Edward Toptani*_____
        Edward Toptani (ET6703)
        395 Pearl Street
        Suite 1410
        New York, New York  100
        Tel. (212) 699-8930
        edward@toptanilaw.com
        *Attorneys for Plaintiff*

New York, New York
July 26, 2018

**14**