**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY MERCHANDISE INC., <br><br> Plaintiff, <br><br> v. <br><br> BALENCIAGA AMERICA, INC., BALENCIAGA, S.A., and DEMNA GVASALIA; and ABC COMPANIES, <br><br> Defendants. | Case No. 18-cv-6748 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF BALENCIAGA AMERICA INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AND FIFTH CLAIMS FOR RELIEF IN THE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ALLEGATIONS OF THE FIRST AMENDED COMPLAINT.......................................................2

ARGUMENT...................................................................................................................................2

I.    Legal Standard.......................................................................................................................2

II.   Plaintiff's Unjust Enrichment Claim Is Preempted
      Under 17 U.S.C. § 301 And Should Be Dismissed. ..............................................................3

III.  Plaintiff's Unjust Enrichment Claim Cannot Be Pled
      In The Alternative To Its Copyright Infringement Claim. ....................................................6

CONCLUSION................................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ardis Health, LLC v. Nankivell*,
  No. 11 Civ. 5013, 2012 WL 5290326 (S.D.N.Y. Oct. 23, 2012) ............................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 2, 3

*Briarpatch Ltd. v. Phx. Pictures, Inc.*,
  373 F.3d 296 (2d Cir. 2004) ................................................................................................... 4, 6

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ....................................................................................................... 3

*Gusler v. Fischer*,
  580 F. Supp. 2d 309 (S.D.N.Y. 2008) ............................................................................... 3, 4, 5

*I.C. ex rel. Solovsky v. Delta Galil USA*,
  135 F. Supp. 3d 196 (S.D.N.Y. 2015) ..................................................................................... 4, 5

*Spinelli v. Nat'l Football League*,
  96 F. Supp. 3d 81 (S.D.N.Y. 2015) ............................................................................................ 6

*Stanacard, LLC v. Rubard, LLC*,
  12 Civ. 5176, 2016 WL 462508 (S.D.N.Y. 2016) ..................................................................... 6

*Tarazi v. Truehope Inc.*,
  Nos. 13 Civ. 1024, 15 Civ. 1038, 2017 WL 5957665 (S.D.N.Y. July 28,
  2017), *R&R adopted*, No. 13 Civ. 1024, 2017 WL 5957745 (S.D.N.Y. Nov.
  30, 2017) .................................................................................................................................... 7

*Transcience Corp. v. Big Time Toys, LLC*,
  50 F. Supp. 3d 441 (S.D.N.Y. 2014) ...................................................................................... 3, 4

**Rules**

Fed. R. Civ. P. 10 ............................................................................................................................ 3

Fed. R. Civ. P. 12 ............................................................................................................................ 2

**Statutes**

17 U.S.C. §301 ............................................................................................................................ 1, 6

Defendant Balenciaga America, Inc. ("Balenciaga America" or "Defendant") moves to dismiss the fifth claim for relief, alleging unjust enrichment, in plaintiff City Merchandise Inc.'s ("CMI" or "Plaintiff") First Amended Complaint (the "First Amended Complaint" or "FAC") as well as the Plaintiff's first claim for relief, to the extent that it also seeks recovery on a theory of unjust enrichment. Those claims are preempted by Section 301 of the Copyright Act.

## PRELIMINARY STATEMENT

Plaintiff's original complaint asserted a single claim for copyright infringement. In its First Amended Complaint, Plaintiff asserts unjust enrichment claims that are based upon allegations that Balenciaga America distributed products that purportedly appropriate CMI's copyrighted design without CMI's consent or authorization and, thus, was enriched at CMI's expense – the very same allegations that form the basis of Plaintiff's claim for copyright infringement. Section 301 of the Copyright Act, 17 U.S.C. § 301, expressly preempts state and common law claims that seek to vindicate rights that are protected under the Copyright Act, like the unjust enrichment claim asserted here. Consequently, courts in this district routinely dismiss unjust enrichment claims arising from allegations regarding the alleged reproduction, distribution, display, and adaption of material that is the subject matter of copyright protection.

Plaintiff acknowledges that its unjust enrichment claim is based upon alleged copyright infringement, but apparently attempts to avoid dismissal by characterizing the unjust enrichment claim as an alternative theory, only to the extent that it cannot recover under the Copyright Act. The Copyright Act preempts the field, however, and precludes an unjust enrichment claim that is based upon misappropriation of a work within the scope of copyright, even if the Copyright Act does not provide relief. Accordingly, Plaintiff's fifth claim for relief and its first claim for relief, to the extent that it seeks recovery on the basis of unjust enrichment, must be dismissed.

**ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

According to the First Amended Complaint, in or around November 2014, CMI created a design encompassing a collage of well-known landmarks from New York City with an airbrushed sky and the words "New York City." *See* FAC ¶ 44. Thereafter, in or about early 2015, CMI began selling souvenirs containing this design throughout the State of New York in gift shops and airport souvenir stores. *See id.* ¶¶ 47-48. CMI purports to have a copyright in the design depicted on the souvenirs. *See id.* ¶ 49. According to CMI, Balenciaga America and other named defendants "began manufacturing, importing, distributing, advertising, marketing, supplying, transporting, warehousing, offering for sale, and selling" products that allegedly contain Plaintiff's purportedly exclusive design. *Id.* ¶ 51.

These allegations form the basis of both Plaintiff's first cause of action for copyright infringement and fifth cause of action for unjust enrichment against Balenciaga America. *See id.* ¶¶ 68-81 (cause of action for copyright infringement, asserting that Balenciaga America "engaged in the manufacturing, advertising, marketing, distribution, and sale" of purportedly infringing products and was "unjustly enriched, by reason of their copyright infringement"); ¶¶ 109-113 (cause of action for unjust enrichment, asserting that Balenciaga America has been unjustly enriched by "commercially exploiting and distributing" the allegedly infringing products without Plaintiff's authorization or consent).

**ARGUMENT**

**I.   Legal Standard.**

A claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if a plaintiff's complaint does not allege sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Specifically, a plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion to dismiss, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## II. Plaintiff's Unjust Enrichment Claim Is Preempted Under 17 U.S.C. § 301 And Should Be Dismissed.

"Section 301 of the Copyright Act preempts state law actions that seek to vindicate rights equivalent to those protected under the Copyright Act." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 453 (S.D.N.Y. 2014).  Claims are preempted under the Copyright Act if two prongs are established: "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law." *Id.* (citing 17 U.S.C. § 301(a)).  Therefore, in order for a state or common law cause of action to survive preemption, the cause of action must "have an 'extra element' beyond reproduction, preparation of derivative works, *distribution*, performance or display, which 'changes the nature of the action so that it is qualitatively different from a copyright infringement claim.'" *Gusler v. Fischer*, 580 F. Supp. 2d 309, 316 (S.D.N.Y. 2008) (emphasis added) (quoting *Computer Assocs. Int'l Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).

3

Applying that standard here, it is clear that Plaintiff's cause of action for unjust enrichment is preempted.  "To state a claim for unjust enrichment under New York law, a plaintiff must provide proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Transcience Corp.*, 50 F. Supp. 3d at 453 (citing *Briarpatch Ltd. v. Phx. Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)).  As "[t]he overwhelming majority of courts in this circuit, including this Court" have held, these elements are in no way qualitatively different than what a plaintiff must prove to state a claim for copyright infringement and, thus, unjust enrichment claims are preempted by the Copyright Act.  *I.C. ex rel. Solovsky v. Delta Galil USA*, 135 F. Supp. 3d 196, 217-19 (S.D.N.Y. 2015) (dismissing unjust enrichment claim which "recast [a] claim[] for copyright infringement" because "unjust enrichment claims do not contain an 'extra element'" and thus, do not survive preemption); *accord Briarpatch Ltd.*, 373 F.3d at 306 ("While enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim."); *see also Ardis Health, LLC v. Nankivell*, No. 11 Civ. 5013, 2012 WL 5290326, at *10 (S.D.N.Y. Oct. 23, 2012) ("Courts have generally concluded that the theory of unjust enrichment protects rights that are essentially 'equivalent' to rights protected by the Copyright Act; thus, unjust enrichment claims related to the use of copyrighted material are generally preempted."

For this reason, courts routinely dismiss claims for unjust enrichment on the basis of preemption where the alleged conduct giving rise the unjust enrichment claim are identical to those underlying plaintiff's copyright claim.  *See Gusler*, 580 F. Supp. 2d at 316 (dismissing plaintiff's unjust enrichment claim because "the alleged acts giving rise to the unjust enrichment

4

claim here are identical to those underlying the federal copyright claim"); *I.C. ex rel. Solovsky*, 135 F. Supp. 3d at 218-19 (dismissing plaintiff's unjust enrichment claim where complaint alleged "that defendants unjustly benefited from plaintiff's design" by using "that design without paying plaintiff fair compensation" because such allegations were "not qualitatively different from her copyright infringement claim").  The same result should obtain here.

Just as in *Gusler* and *I.C. ex rel. Solovsky*, the gravamen of Plaintiff's unjust enrichment claim is that Balenciaga America purportedly used CMI's copyrighted design without paying CMI fair compensation.  The allegations of the complaint underlying this claim are that CMI created a purportedly original design of the New York City skyline, CMI obtained a copyright registration for that design, and Balenciaga America sold products that allegedly contain CMI's design.  *See* FAC ¶¶ 44-51.  Based on these same allegations, Plaintiff asserts mirror image claims for unjust enrichment and copyright infringement.  Plaintiff's fifth claim for relief for unjust enrichment asserts that "[b]y commercially exploiting and distributing the Infringing Products with designs that are substantially and strikingly similar to Plaintiff's copyrighted Design without the consent or authorization of Plaintiff, Defendants have been unjustly enriched at the expense of Plaintiff."  *Id.* ¶ 111.  Likewise, Plaintiff's first claim for relief for copyright infringement asserts that "Defendants engaged in the manufacturing, advertising, marketing, distribution, and sale of the Infringing Products which bear designs that are reproductions, counterfeits, illegal knock-offs and/or colorable imitations that are strikingly similar to, and nearly indistinguishable from, the Design," and Defendants engaged in these acts "without the permission, consent or authority of Plaintiff," thus "violat[ing] Plaintiff's copyright in the Design." *See id.* ¶¶ 69-76.

Indeed, Plaintiff explicitly acknowledges that these claims are duplicative, asserting that Defendants "have . . . been unjustly enriched, and will be unjustly enriched, ***by reason of their copyright infringement***." *Id.* ¶ 77 (emphasis added).  Because Plaintiff's unjust enrichment claim is premised on the same activity and rights exclusively protected by the Copyright Act, the unjust enrichment claim is preempted.[1]

### III. Plaintiff's Unjust Enrichment Claim Cannot Be Pled In The Alternative To Its Copyright Infringement Claim.

Plaintiff attempts to circumvent preemption by conclusorily stating that it is pleading unjust enrichment "[t]o the extent that any Defendants' conduct does not constitute copyright infringement under applicable law . . . ." *Id.* ¶ 112.  Rights that fall within the scope of copyright are governed exclusively by the Copyright Act, however; the Copyright Act completely preempts the field.  *See* 17 U.S.C. § 301(a); *Briarpatch Ltd.*, 373 F.3d at 306 (Copyright Act creates complete preemption).  As a result, a common law claim that seeks to vindicate a right that is equivalent to a right under copyright is not viable even if the plaintiff cannot recover on its copyright infringement claim.  *See Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 137 n.31 (S.D.N.Y. 2015) (collecting cases).  Accordingly, that a plaintiff "allege[s] unjust enrichment 'in the alternative' to their copyright infringement claims does not save [the unjust enrichment claim] from dismissal." *Id.*; *see also Stanacard, LLC v. Rubard, LLC,* 12 Civ. 5176, 2016 WL 462508, at *5, *22 (S.D.N.Y. 2016) (dismissing unjust enrichment claim pled "in the alternative" to the extent that it was based on allegations that defendants "unjustly benefitted from unauthorized use" of a copyrighted work).

---

[1] To the extent Plaintiff's first claim for relief for copyright infringement also seeks recovery on the basis of unjust enrichment, *see id.*, it also must be dismissed as preempted by the Copyright Act.

Here, the First Amended Complaint does not contain a single allegation of conduct underlying CMI's unjust enrichment claim that does not also underlie CMI's copyright infringement claim. Because the unjust enrichment claim is nothing more than the copyright infringement claim recast, it fails to state a viable claim on preemption grounds and must be dismissed. *See supra* § II; *Tarazi v. Truehope Inc.*, Nos. 13 Civ. 1024, 15 Civ. 1038, 2017 WL 5957665, at *16 (S.D.N.Y. July 28, 2017), *R&R adopted*, No. 13 Civ. 1024, 2017 WL 5957745 (S.D.N.Y. Nov. 30, 2017) ("An unjust enrichment claim arising from this set of facts is preempted because it involves acts of reproduction, distribution, display, and adaption, and the material falls within the scope of copyrightable material").

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's fifth claim for relief, alleging unjust enrichment, as well as the Plaintiff's first claim for relief, to the extent that it also seeks recovery on a theory of unjust enrichment.

Dated:  New York, New York
         November 1, 2018

BROWN RUDNICK LLP

/s/ Jill L. Forster
Jill L. Forster
Seven Times Square
New York, NY 10036
(212) 209-4800 (telephone)
(212) 209-4801 (facsimile)
jforster@brownrudnick.com

Edward J. Naughton (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617) 856-8200 (telephone)
(617) 856-8201 (facsimile)
enaughton@brownrudnick.com

*Counsel for Defendant Balenciaga America, Inc.*

7