UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY MERCHANDISE INC.,

                              Plaintiff

   -against-

BALENCIAGA AMERICA, INC.,
BALENCIAGA, S.A., and DEMNA GVASALIA;
and ABC COMPANIES,

                              Defendants.

Civil Action No.: 1:18-cv-06748 (JSR)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE PARITAL MOTION TO DISMISS OF BALENCIAGA AMERICA, INC.

 

**TOPTANI LAW PLLC**
Edward Toptani (ET6703)
375 Pearl Street
Suite 1410
New York, New York  10038
Tel. (212) 699-8930
*edward@toptanilaw.com*

*Counsel to Plaintiff City Merchandise Inc.*

New York, New York
November 8, 2018

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………..(ii)

BACKGROUND AND SUMMARY OF ARGUMENT ……………………………….…….1

ARGUMENT…………………………………………………………………………......…….4

I.    Applicable Standards……………………………………………………………...…4

II.   CMI Is Permitted To Please Claims InThe Alternative……………………………………………………………………………5

CONCLUSION…………………………………………………………………………....…..8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Adler v. Pataki*, 185 F.3d 35, (2d Cir. 1999)..............................................................5

*Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381
    (9th Cir. 1995).......................................................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)......................................4

*Employees' Ret. Sys. of Virgin Islands v. Morgan Stanley & Co.*,
    814 F. Supp. 344 (S.D.N.Y. 2011).....................................................................4

*Gary Friedrich Enters., LLC v. Marvel Enters.*, Inc., ., 713 F. Supp. 2d 215
    (S.D.N.Y. 2010).................................................................................................4

*Hirsch v. Arthur Anderson & Co.* 72 F.3d 1085 (2d Cir. 1995).......................4

*Illustro Sys. Int'l, LLC v. Int'l Bus. Machines Corp.*, US Dist LEXIS 33324
    (ND Tex May 4, 2007, Civil Action No. 3:06-CV-1969-L).......................7

*Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass*, 655 F.3d 136
    (2d Cir. 2011)....................................................................................................4

*Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351 (2013).........................7

*United States v. Hooper*, 43 F. 3d 26 (2d Cir 1994)......................................2

*V.D.B. Pacific B. V. v. Chassman*, 705 F. Supp. 2d 279
    (S.D.N.Y. 2010).................................................................................................5

*Zimnicki v. Neo-Neon Int'l, Ltd.*, 2009 US Dist LEXIS 106063
    (ND Ill Nov. 9, 2009, No. 06 C 4879)..............................................................7

**Rules**

Fed. R. Civ. P. 6(b)(1)(B)...................................................................................2

Fed. R. Civ. P. 8(a).............................................................................................4

Fed. R. Civ. P. 8(d).............................................................................................5

Fed. R. Civ. P. Rule 12(b)(6)……………………………………………………….4

Fed. R. Civ. P. Rule 15(a)(3)……………………………………………………….2

**Statutes**

17 U.S.C. § 106 …………………………………………………...………….6

**Other Authorities**

1 M. Nimmer & D. Nimmer, NIMMER ON COPYRIGHT § 1.01[B]
   (Matthew Bender, Rev. Ed.)…………………………………......………….7

5 M. Nimmer & D. Nimmer, NIMMER ON COPYRIGHT § 17.02
   (Matthew Bender, Rev. E(ii)d.)……………………………………………….6

Plaintiff City Merchandise Inc. ("CMI"), by its counsel, Toptani Law PLLC, submits the following memorandum of law in opposition to the partial motion to dismiss filed by Defendant Balenciaga America, Inc. (referred to herein as the "Moving Defendant").

## BACKGROUND AND SUMMARY OF ARGUMENT

After the Moving Defendant failed to respond to CMI's cease and desist letter, dated **June 29, 2018** (Dkt. No. 25, Ex. A), CMI filed its original complaint, which was confined to a single claim under the Copyright Act against the Moving Defendant. The original complaint was served on **August 2, 2018**. (Dkt. No. 14.).[1]

On **August 20, 2018**, after obtaining CMI's consent for an extension of time to respond to the original complaint, the Moving Defendant filed a proposed stipulation seeking up to and including **September 20, 2018**, in which to respond. The Court "so ordered" the stipulation on **August 28, 2018** (Dkt. No. 15), and Moving Defendant filed its answer on **September 20, 2018**. (Dkt. No. 19.)

On **October 12, 2018**, CMI filed its first amended complaint ("FAC") (Dkt. No. 20), which included Balenciaga, S.A. and Demna Gvasalia as additional named defendants (Balenciaga America, Inc., Balenciaga, S.A. and Demna Gvasalia are collectively referred to hereinafter as "Defendants"). In addition to CMI's claims against Defendants for direct violations of the Copyright Act (i.e., the First Count), the following

---

[1] Although the Moving Defendant's president, Vira Capeci, represented that she took "prompt" action to remove infringing products from the Moving Defendant's retail boutiques following receipt of the cease and desist letter, there is no supporting evidence. (*See* Dkt. No. 32 (Capeci Declaration), ¶ 10; Dkt. No. 35 (Toptani Reply Declaration), ¶ 4.)

additional claims were interposed in the FAC: contributory copyright infringement (i.e., the Second Count), vicarious copyright infringement (i.e., the Third Count), copyright infringement of the French Intellectual Property Code (i.e., the Fourth Count), and unjust enrichment (i.e., the Fifth Count).[2]

Remarkably, the Moving Defendant neither sought CMI's consent for an additional extension of time to answer the FAC, nor did it make a timely motion seeking such relief. Therefore, the Moving Defendant was required to respond to the FAC no later than **October 26, 2018,** under Rule 15(a)(3). However, it failed to do so. As such, the Moving Defendant has been in default since that time.

On **November 1, 2018** (i.e., five days after its answer to the FAC was due), the Moving Defendant filed its partial motion to dismiss. In doing so, it did not seek additional time to respond to the FAC, including the unchallenged counts.[3]

It appears that the Moving Defendant's utilization of a partial motion to dismiss with respect to the unjust enrichment count is nothing more than a litigation tactic aimed solely at delaying the adjudication of this case, especially since its counsel was expressly

---

[2]   It should also be noted that the Moving Defendant's counsel refused to accept service of process on behalf of the other Balenciaga defendants (i.e., Balenciaga, S.A. and Demna Gvasalia), which -- like this motion -- only serves to unnecessarily delay the case and increase CMI's expenses. To date, those two Defendants have neither appeared nor answered.

[3]   Taking into account the applicable rules, the Moving Defendant was required to submit an accompanying application under Rule 6(b)(1)(B) because the time to answer the FAC ***had expired prior to the filing of its partial motion to dismiss***. In this connection, the Second Circuit has strictly limited the type of attorney error that could be considered excusable neglect for such a default, and the ignorance of the law or rules does not, in general, satisfy the standard. *See, e.g., United States v. Hooper*, 43 F. 3d 26, 29 (2d Cir 1994). Thus, it is within the Court's discretion to allow CMI to move for a default judgment, and it will do so if permitted.

advised prior to, and during, the pre-motion call with the Court that CMI's unjust enrichment claim would be applicable only to the extent the Copyright Act was inapplicable to its claims.

To be sure, as discussed further below, the Moving Defendant's partial motion to dismiss is without merit. It alleges that CMI's unjust enrichment claim is preempted by its claim under the Copyright Act.[4] However, in making this untenable argument, the Moving Defendant ignores well-settled law that alternative theories for relief may be pled in a complaint. Regardless of this well-established principle, the Moving Defendant intentionally avoids the well-pled allegations in the FAC, which make it abundantly clear that the Moving Defendant is liable for Defendants' overseas wrongdoing, including their infringing activities that ***are not*** subject to the Copyright Act. In this connection, the Court may recall that the Moving Defendant argued in its opposition to CMI's motion for a preliminary injunction and seizure of infringing products that U.S. copyright law has no extraterritorial application. (Dkt. No. 30 at 7.) Assuming, *arguendo*, that this argument is correct with regard to all of CMI's claims in the FAC, its unjust enrichment claims are not preempted with respect to the overseas misconduct alleged in the FAC.

At this juncture, the Moving Defendant is not entitled to dismissal of any claims in the FAC.

---

[4] In an effort to add meat to it its boney motion, the Moving Defendant disingenuously suggests the CMI's First Count, which is for direct infringement under the Copyright Act, is also an unjust enrichment claim. (Def. Br. at 6, fn 1.) It is not and the Moving Defendant knows this. (*See* FAC ¶¶ 68-81.)

3

## ARGUMENT

### I.  Applicable Standards

A court construing the sufficiency of a complaint must read it "generously, drawing all reasonable inferences from its allegations in favor of the plaintiff." *Employees' Ret. Sys. of Virgin Islands v. Morgan Stanley & Co.*, 814 F. Supp. 344, 350 (S.D.N.Y. 2011). When doing so, the court "assum[es] all facts alleged within the four corners of the complaint to be true," *Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass*, 655 F.3d 136, 141 (2d Cir. 2011).

In considering 12(b)(6) motions like this, a court should place allegations and supporting and opposing materials in context of the total dispute. It may take judicial notice of undisputed and undisputable facts revealed in its own files, *Leonard F. v. Israel Discount Bank*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine is consideration to the facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (internal quotation marks omitted)); *Hirsch v. Arthur Anderson & Co.* 72 F.3d 1085, 1092 (2d Cir. 1995) ("We may consider all papers and exhibits appended to the complaint, as well as any matters to which judicial notice may be taken.").

Moreover, under the "liberal" pleading standard set forth in Federal Rule of Civil Procedure 8(a), a complaint "may not be dismissed for failure to state a cause of action if it provides the defendants 'fair notice of what the [] claim is and the grounds upon which it rests.'" *Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215 (S.D.N.Y. 2010) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)) (alteration in

4

original); *see also V.D.B. Pacific B. V. v. Chassman*, 705 F. Supp. 2d 279, 280 (S.D.N.Y. 2010) ("unjust enrichment" claim governed by "notice pleading standards").

## II.     CMI Is Permitted To Plead Claims In The Alternative

A plaintiff is permitted to plead in the alternative, even when its theories are inconsistent. Fed. R. Civ. P. 8(d)(3) ("[a] party may state as many separate claims or defenses as it has, regardless of consistency."); *see Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999) (The Federal Rules offer "sufficient latitude to construe separate allegations in a complaint as alternative theories at least when drawing all inferences in favor of the non-moving party...")

Here, the FAC explicitly states that CMI's unjust enrichment claim is viable "[t]o the extent that any Defendants' conduct does not constitute copyright infringement under applicable law..." (Compl. ¶ 112; *see, also*, Compl. ¶ 40 ("And, to the extent not preempted by the Copyright Act, this Court has supplemental jurisdiction over Plaintiff's related claims pursuant to 28 U.S.C. § 1367.).)

CMI has not acknowledged that its unjust enrichment claim is nothing more than a repackaged copyright claim for which recovery is unavailable under the Copyright Act, as the Moving Defendant falsely claims. (Def. Br. at 1.) To the contrary, in the first paragraph the of FAC, CMI alleges that its unjust enrichment claims emanate from "Defendants' willful global infringement of Plaintiff's copyright." (*See, e.g.*, Compl. ¶ 1.) In this connection, Defendants have created a nearly seamless global retail eco-system to promote the sale of infringing products to customers located around world and for shipment around the world. (Compl. ¶¶ 32, 56). And in doing so, Defendants have operated as a single, integrated enterprise committing copyright infringement around the

5

world for which each defendant is jointly-liable for the other defendants' misconduct. (*See, e.g.*, Compl. ¶¶ 10, 11, 12, 25, 37, 39, 84.)

Critically, CMI's unjust enrichment claim was plead in the alternative, only to the extent that Defendants' acts were found not to infringe U.S. copyright laws. By definition, then, the unjust enrichment claim is not predicated on copyright infringement governed by U.S. law; indeed, it is precisely the opposite. That is, if Defendants were to be found liable for copyright infringement, the unjust enrichment claim would fail by its own terms. Since there is obviously no "but for" relationship between the two claims, the unjust enrichment claim is not preempted.

Nevertheless, the Moving Defendant argues, somewhat repetitively, that CMI's unjust enrichment claim is preempted by the U.S. Copyright Act. (Def. Br. at 3, 4, 6). However, generally speaking, the preemption doctrine arising from Section 106 of the U.S. Copyright Act does not apply to state law claims based on wrongful acts committed outside the territorial jurisdiction of the U.S. Copyright Act, i.e., outside the United States.[5] Among other places, it appears that Defendants (including specifically the Moving Defendant) have offered for sale and sold infringing products in Canada. (*See, e.g.*, Dkt. No. 35, Ex. D (showing sales of infringing products to Nordstrom Canada Retail Inc.).)

It is well established that the Copyright Act generally does not apply extraterritorially. *See, e.g.*, 5 M. Nimmer & D. Nimmer, NIMMER ON COPYRIGHT §

---

[5] CMI has also alleged copyright violations of France. There is no legal barrier for such claims to be heard by this Court. CMI may be required to add other locations in the future when the full extent of Defendants' global infringement is uncovered. To date, the Moving Defendant has produced no documents in discovery.

17.02 (Matthew Bender, Rev. Ed.) (citing *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351 (2013)). And it follows that the Copyright Act does not preempt state law claims based on wrongful acts committed abroad. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995) ("federal copyright law does not apply to extraterritorial acts of infringement . . . [a]ccordingly, it does not preempt causes of action premised upon possible extraterritorial infringement."); *see also Illustro Sys. Int'l, LLC v. Int'l Bus. Machines Corp.*, US Dist LEXIS 33324, at *40 (ND Tex May 4, 2007, Civil Action No. 3:06-CV-1969-L) ("Because the court has determined that [the plaintiff] cannot claim protection under the Copyright Act for acts that occurred outside of the United States . . . its unjust enrichment claim is not preempted"); *Zimnicki v. Neo-Neon Int'l, Ltd.*, 2009 US Dist LEXIS 106063, * 9 (ND Ill Nov. 9, 2009, No. 06 C 4879); 1 M. Nimmer & D. Nimmer, NIMMER ON COPYRIGHT § 1.01[B], at 1-9, n. 40 (Matthew Bender, Rev. Ed.) ("[A]llegations of copyright infringement occurring abroad are not equivalent to the exclusive rights specified under § 106, and hence are not subject to pre-emption.").[6]

Thus, it cannot be said that CMI's unjust enrichment claim "arises" out of copyright infringement any more than infringement "arises" out of unjust enrichment. Rather, they are alternative claims arising out of Defendants' improper use of CMI's property.

There is no rule or law at stake that should prohibit CMI from bringing in this action its state law theories of action otherwise available to it in order to vindicate its rights against Defendants for their rogue practices occurring outside the United States

---

[6] Should the Court determine that the Copyright Act applies to any extraterritorial misconduct, CMI will trim its unjust enrichment claims accordingly.

7

involving CMI's copyrighted designs.[7] Therefore, based upon the foregoing, CMI's unjust enrichment claims relating to misconduct that occurred outside the United States cannot be preempted by the Copyright Act at this time.

## CONCLUSION

For the foregoing reasons, the Moving Defendant's partial motion to dismiss the complaint should be dismissed, together with such other and further relief this Court may deem just and proper.

Dated: New York, New York
November 8, 2018

Respectfully submitted,

TOPTANI LAW PLLC
*Counsel for Plaintiff City Merchandise Inc.*

By:/s/ *Edward Toptani*
Edward Toptani (ET-6703)
375 Pearl Street
Suite 1410
New York, New York 10038
Tel: (212) 699-8930
edward@toptanilaw.com

---

[7] The cases cited by the Moving Defendant to argue preemption are inapposite. None of them addresses the issue of wrongful acts committed outside the United States.